UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ROBERT DINGLE, JR.

                Plaintiff,

    -against-                      1:11-cv-02879-CBA-VVP

BIMBO BAKERIES USA

                Defendant.

---------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

                JACKSON LEWIS LLP
                *ATTORNEYS FOR DEFENDANT*
                *BIMBO BAKERIES USA*
                666 Third Avenue, 29th Floor
                New York, New York 10017
                (212) 545-4000

Attorneys of record:
       A. Robert Fischer
       Kristin L. Plude

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

I.  PRELIMINARY STATEMENT ............................................................................... 1

II.  SUMMARY OF ARGUMENT .................................................................................. 1

III.  PROCEDURAL HISTORY ....................................................................................... 2

IV.  ARGUMENT ............................................................................................................... 3

   A.  RELEVANT STANDARD ............................................................................... 3

   B.  PLAINTIFF'S OPPOSITION EVIDENCE SUBMITTED THEREWITH SHOULD NOT BE CONSIDERED ................................................................... 4

      1.  Plaintiff's Opposition was Untimely Served ...................................... 4

      2.  Plaintiff's Evidence is Improperly Submitted with Respect to a 12(b)(6) Motion to Dismiss ................................................................. 5

   C.  PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED AS IT IS BARRED BY THE STATUTE OF LIMITATIONS ....................................... 6

   D.  PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED ................. 8

V.  CONCLUSION ........................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Argeropoulos v. Exide Techs.,
    No. 08-CV-3760 (JS), 2009 U.S. Dist. LEXIS 59009 (E.D.N.Y. July 8, 2009) ...................8, 9

Brissett v. New York City Transit Auth.,
    No. 09 CV 874 (CBA) (LB), 2010 U.S. Dist. LEXIS 52722 (E.D.N.Y. May 27, 2010) ..........2

Craig v. First Web Bill, Inc.,
    No. 04-CV-1012 (DGT), 2004 U.S. Dist. LEXIS 27432 (E.D.N.Y. Nov. 29, 2004)................1

Crawford v. Lutheran Med. Ctr.,
    No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072 (E.D.N.Y. Mar. 9,
    2011) .........................................................................................................................2, 6

Dawson v. Bumble & Bumble,
    398 F.3d 211 (2d Cir. 2005)..................................................................................................8

Duckett v. Wal-Mart Stores, Inc.,
    2009 U.S. Dist. LEXIS 31624 (W.D.N.Y. April 14, 2009)........................................................9

M'Baye v. N.J. Sports Prod.,
    No. 06 civ 3438 (DC), 2007 U.S. Dist. LEXIS 9101, at *15-16 (S.D.N.Y. Feb. 7,
    2007) .....................................................................................................................................5

Milanese v. Rust-Oleum Corp.,
    244 F.3d 104 (2d Cir. 2001)..................................................................................................1

Nussenzweig v. diCorcia,
    No. 155, 2007 NY Slip Op 8783 (N.Y. 2007) .........................................................................6

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007)..................................................................................................3

Shaw v. United States Postal Serv.,
    No. 09 Civ. 6617 (DAB), at *3-4 (S.D.N.Y. Sept. 27, 2010)...................................................4

Sullivan v. Brodsky,
    No. 07-cv-0003, 2009 U.S. Dist. LEXIS 72564 (S.D.N.Y. Aug. 17, 2009).........................6, 7

Wright v. Monroe Cmty. Hosp.,
    No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. July 28, 2011)...........................9

**STATUTES**

28 U.S.C. § 1915(e)(2)(B)(i) .................................................................................................3, 4

**OTHER AUTHORITIES**

Civil Rule 7.1(a)(2) and (3) ......................................................................................................1

Civil Rule. 7.1(b) ......................................................................................................................1

Fed. R. Civ. P. 10(b) .................................................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ............................................................................3, 5

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure .........................................................4

Rule 8 of the Federal Rules of Civil Procedure .......................................................................2

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................................1

Rule 8(a)(2) ...............................................................................................................................2

Rule 10(a) ..................................................................................................................................2

## I. PRELIMINARY STATEMENT

Defendant, Bimbo Bakeries USA ("Defendant"),[1] submits this reply brief in further support of its August 11, 2011 Motion to Dismiss and in response to the belated Affidavit/Affirmation[2] in Opposition to Defendant's Motion to Dismiss of Plaintiff Robert Dingle, Jr. ("Opposition").  Defendant seeks to dismiss, in its entirety, the Complaint filed on June 16, 2011 ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, directing Plaintiff to replead his allegations based on his failure to comply with this Court's pleading requirements.[3]

As set forth more fully below and in Defendant's initial papers, Defendant's Motion should be granted because Plaintiff's allegations fail to state any claim for relief or are barred under applicable New York law.

## II. SUMMARY OF ARGUMENT

Plaintiff's Complaint describes, in a three-page narrative, that a photograph of a nude black man, resembling Plaintiff, was circulated throughout the Brooklyn Depot at which he

---

[1] Stroehmann Line-Haul LP (not "Bimbo Bakeries USA") is the employer of Plaintiff.  As such, Defendant, hereby requests that Stroehmann Line-Haul LP be substituted in the above-reference matter in place of "Bimbo Bakeries USA." Bimbo Bakeries USA is a trade name.

[2] Plaintiff's Opposition, which is comprised of an unsworn "Affidavit/Affirmation" and unaccompanied by a memorandum of law that does not meet the requirements of this Court, should not be considered by the Court.  See Local Civil Rule. 7.1(b) ("Except as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule7.1(a)(1) above"); see also Craig v. First Web Bill, Inc., No. 04-CV-1012 (DGT), 2004 U.S. Dist. LEXIS 27432, 4-5 (E.D.N.Y. Nov. 29, 2004) ("It is true that factual allegations proffered in a brief or memorandum do not constitute facts which may be considered on this motion, unless they are supported by affidavits or other evidence") (citing Cornell v. Assicurazioni Generali, S.p.A., 2000 U.S. Dist. LEXIS 11991, Nos. 97 Civ. 2262 and 98 Civ. 9186, 2000 WL 1191124 at *1 (S.D.N.Y. Aug. 22, 2000) (factual allegations, made in plaintiff's memorandum of law, but not in the complaint or affidavits or other evidence, do not constitute evidence that can be considered on a motion to dismiss for lack of personal jurisdiction)).

[3] "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle [it] to relief." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001), citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). While Defendant seeks this relief in the alternative, as set forth in the moving papers and in this reply, it is unclear how Plaintiff would plead any set of facts that would entitle him to relief.

1

worked, and that he was portrayed as a homosexual. Liberally construing Plaintiff's Complaint, it appears he purports to allege claims for: (1) discrimination under Title VII on the basis of his sex in the form of: (a) hostile work environment due to Plaintiff's perceived sexual orientation; (b) disparate treatment due to Plaintiff's perceived sexual orientation; (c) hostile work environment due to sexual harassment of Plaintiff; and (d) disparate treatment due to sexual harassment of Plaintiff; (2) disparate treatment on the basis of his gender; (3) hostile work environment due to same-sex harassment; (4) retaliation under Title VII; and (5) defamation.

Plaintiff's allegations do not allege a viable claim under Title VII. At best, they demonstrate a possible personal animus against him by his coworkers, which is emphasized through his Opposition. Indeed, his untimely filed Opposition, if even considered by the Court, does nothing to rebut Defendant's Motion to Dismiss.

Accordingly, Complaint should be dismissed in its entirety.[4]

### III. PROCEDURAL HISTORY

On December 7, 2010, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming he was discriminated on the basis of his sex and subjected to retaliation ("EEOC Charge"). On March 17, 2011, the EEOC closed its file and issued a Notice of Suit Rights. On June 16, 2011, Plaintiff filed this Complaint.

---

[4] As noted in Defendant's moving papers, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. But while the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that the suggest, even a pro se complaint will be dismissed for failing to meet the notice pleading standard of Rule 8(a)(2) if it does not contain 'sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" Crawford v. Lutheran Med. Ctr., No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072, at *6 (E.D.N.Y. Mar. 9, 2011)[4] (quoting Ashcroft v. Iqbal, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing references omitted)). With respect to the pleading standard, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief and Rule 10(a) requires a caption with the court's name, a title, a file number, and the naming of all parties." Brissett v. New York City Transit Auth., No. 09 CV 874 (CBA) (LB), 2010 U.S. Dist. LEXIS 52722, at *5 (E.D.N.Y. May 27, 2010). In addition, "a plaintiff must format his complaint according to Fed. R. Civ. P. 10(b) and state his claims in numbered paragraphs." Id.

On August 11, 2011, Defendant filed its motion letter regarding its Motion to Dismiss Plaintiff's Complaint. After numerous requests by Defendant to enter into a briefing schedule, it moved for a briefing schedule order. On September 28, 2011, the Court ordered that Plaintiff to serve any opposition papers by October 24, 2011. Thereafter, on October 24, 2011, Plaintiff sought a second extension of time to respond to the Complaint, which the Court granted through November 7, 2011. On November 9, 2011, Plaintiff served his Opposition.

## IV. ARGUMENT

### A. RELEVANT STANDARD

The purposes of a motion to dismiss for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 116 (2d Cir. 2007). In reviewing the complaint, the Court accepts as true all allegations of fact and draws all reasonable inferences from these allegations in favor of the plaintiff. See id.

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at *6-*7 (quoting Iqbal, 129 S. Ct. at 1949). However, "mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Id. at 7 (citing references and internal marks omitted).

In addition, in cases where the plaintiff is proceeding *in forma pauperis*, the court must dismiss the case if 'at any time the court determines that the action or appeal is frivolous or malicious.'" Id. at *8 (quoting 28 U.S.C. § 1915(e)(2)(B)(i)). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Id. (citing references and internal marks omitted). "Section

3

1915(e)(2)(B)(i) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

### B. PLAINTIFF'S OPPOSITION EVIDENCE SUBMITTED THEREWITH SHOULD NOT BE CONSIDERED

#### 1. Plaintiff's Opposition was Untimely Served

Plaintiff's Opposition was untimely served and, thus, should not be considered by the Court.

Per the Court's October 28, 2011 Order, Plaintiff was required to serve any Opposition by November 7, 2011.[5]  However, despite having nearly three months to respond to Defendant's Motion to Dismiss, and after being granted two requests for extensions of time, Plaintiff did not serve his Opposition until November 9, 2011, two days *after* the deadline.

"Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may, for good cause, extend time 'on motion made after the time has expired if the party failed to act because of excusable neglect.'"  Shaw v. United States Postal Serv., No. 09 Civ. 6617 (DAB), at *3-4 (S.D.N.Y. Sept. 27, 2010) (quoting FRCP 6(b)(1)(B) and discussing plaintiff's submission, styled as an affirmation in opposition to a motion to dismiss as being untimely and noting that "[t]he Court is mindful of Plaintiff's pro se status" but, "Plaintiff's pro se status, standing alone, does not provide good cause for the filing of [the affirmation opposition] at this late date").

Here, Plaintiff never sought an extension of the already expired deadline to file his Opposition, nor has he shown any excusable neglect.  Consequently, Plaintiff's Opposition should not be considered by Court.

---

[5] Notably, Plaintiff requested the November 7, 2011 response date.

4

### 2. Plaintiff's Evidence is Improperly Submitted with Respect to a 12(b)(6) Motion to Dismiss

Plaintiff's Opposition, cites to two compact disks ("CDs") and one "Exhibit C." However, the Plaintiff produced only one CD and no Exhibit C. Nevertheless, references to such "evidence" was designed only to divert the Court's attention from the basis upon which Defendant made its motion: Plaintiff's Complaint fails to state a claim for relief and the Defendant is entitled to have the complaint dismissed, as a matter of law. That conclusion is supported by Plaintiff's failure to cite a single case in his opposition to Defendant's motion. As such, Plaintiff's Complaint must be dismissed.

The evidence submitted by Plaintiff, an audio recording on the CD submitted, falls well outside the scope of information that may be considered with respect to a Rule 12(b)(6) motion to dismiss. "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.' The court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff." M'Baye v. N.J. Sports Prod., No. 06 civ 3438 (DC), 2007 U.S. Dist. LEXIS 9101, at *15-16 (S.D.N.Y. Feb. 7, 2007) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) and citing Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)).

Even if that were not the case, Plaintiff's claims still must fail. Contrary to Plaintiff's assertions, the only point gleaned from the audio recording is that Plaintiff's claims are entirely baseless and cannot be maintained. The CD, which appears to be a conversation taped by Plaintiff, refers to conclusory allegations of harassment relating to Plaintiff's perceived homosexuality, which, as discussed below, cannot be maintained under Federal law. "Though courts are required to accept a plaintiff's non-conclusory factual allegations as true, courts may

5

nevertheless determine that the fantastic or delusional character of some factual allegations renders a plaintiff's claims to relief implausible." Crawford v. Lutheran Med. Ctr., No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072, at *7 (E.D.N.Y. Mar. 9, 2011) (citing references and internal marks omitted).

Accordingly, even in the face of improperly submitted evidence, Defendant's Motion should be granted.

### C. PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED AS IT IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's purported claim for defamation is barred by the relevant one-year statute of limitations.

Plaintiff claims in his Complaint that in March 2010, "statements made by [Lim-Tom and Broderick] along with Cecil Douglas . . . defamed the character of the Plaintiff, just the showing of the photo in and of itself as it resembled plaintiff." (Compl. at 6.) Plaintiff's Opposition has not identified any other statements that were made after that time period, only that he needed "records" to substantiate the same claim. (Pl. Opp. at 2.)

Under New York law, "an action for defamation must be brought within *one year* of the publication of the alleged defamatory statements." Sullivan v. Brodsky, No. 07-cv-0003, 2009 U.S. Dist. LEXIS 72564, at *6-7 (S.D.N.Y. Aug. 17, 2009) (citing N.Y. C.P.L.R. § 215(3) (emphasis added)). Thus, "[a] cause of action accrues w*hen the statement is published or uttered.*" Id. (emphasis added). Furthermore, New York has adopted the "single publication rule," which is "premised on the underlying policy that the statutes of limitations are designed to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded . . . ." Nussenzweig v. diCorcia, No. 155, 2007 NY Slip Op 8783, 2 (N.Y. 2007) (internal marks and citing references omitted).

Here, Plaintiff's Opposition appears to argue that the state of limitations should not have started until he received records relating to a disciplinary hearing. The Complaint, however, does not rely on any such allegation at the disciplinary hearing. Nor does Plaintiff offer any evidence of any additional defamatory statements that were published – for the first time – after March 2010; any disciplinary hearing regarding the prior alleged conduct would not constitute new publication. Indeed, despite Plaintiff's reliance on the disciplinary hearing, he has not describes an additional defamatory statement giving rise to an independent claim of defamation so as to bring Plaintiff's claims within the statute of limitations. See Sullivan, 2009 U.S. Dist. LEXIS 72564, at *8-9 (noting "alleged reading of the performance review does not constitute a republication. Under New York's 'single publication rule,' the mass transmission of a defamatory communication constitutes a single wrong - "one composite tort which embraces all the acts involved in the printing and distribution of a newspaper or magazine to its millions of readers in many jurisdictions") (quoting Ferber v. Citicorp Mortg., No. 94-cv-9038, 1996 U.S. Dist. LEXIS 1210, 1996 WL 46874, at *4 (S.D.N.Y. Feb. 6, 1996) (citing Sorge v. Parade Pubs., Inc., 20 A.D.2d 338, 247 N.Y.S.2d 317, 320 (1st Dep't 1964) (stating that "[t]he so-called single publication rule safeguards the libelor [sic] from continuous harassment by a multiplicity of actions and minimizes some of the jurisdictional and legal problems which the person wronged might face in seeking redress")). Further, there is no agreement between the parties that would toll the statute of limitations on Plaintiff's claim for defamation until such point he received "records." See id.

Accordingly, Plaintiff's defamation claim must be dismissed as barred by the applicable one-year statute of limitations.

### D.     PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED

Plaintiff Complaint is entirely devoid of any facts that would support claims for harassment, discrimination or retaliation.

Plaintiff's allegations of discrimination and harassment cannot be sustained because they relate to his perceived or actual sexual orientation, a point which his Opposition only serves to reinforce. It is indisputable that "Title VII does not prohibit harassment or discrimination because of sexual orientation." Dawson v. Bumble & Bumble, 398 F.3d 211, 217 (2d Cir. 2005) (citing references and marks omitted). Plaintiff's harassment and discrimination claims, as highlighted in his Opposition, are grounded in perceived or actual sexual orientation. Plaintiff notes "Leon A. Broderick was allowed to portray [Plaintiff] as a homosexual . . . ." and "Broderick . . . stereotyped plaintiff" and "homosexual comments." (Pl. Opp. at 2, 4.)

Further, Plaintiff's alleged harassers are identified as all male. Yet, his complaint is deficient of any allegations that would plausibly plead his harasser's homosexuality or "gender-based animus" as required to sustain a same-sex sexual harassment claim. See, e.g., Argeropoulos v. Exide Techs., No. 08-CV-3760 (JS), 2009 U.S. Dist. LEXIS 59009, at *9-10 (E.D.N.Y. July 8, 2009) ("Plaintiff must still allege enough facts to plausibly plead his harasser's homosexuality or 'gender-based animus.' Here, Plaintiff pleads no such facts. Plaintiff pleads no facts (or, for that matter, even conclusory allegations) to suggest that either Mileto or Abrams are homosexual, have hostility towards men in the workplace, or treat males differently from females. Rather, "accepting as true all the facts that [Plaintiff] has pled, the only inference [the Court] can draw is that he was harassed because of his sexual orientation") (internal citations and marks omitted)). Plaintiff's discrimination and harassment claims, thus, must be dismissed"). Likewise, Plaintiff's purported claim for sexual harassment rests on a single nude photograph resembling him. Accordingly, he is far from his burden of "[pleading] facts sufficient to support

8

the conclusion that [he or she] was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of [his or her] employment altered for the worse." Id.

Plaintiff's retaliation claim, similarly, must fail. "[A]bsent a claim for unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII." Wright v. Monroe Cmty. Hosp., No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809, at *21 (W.D.N.Y. July 28, 2011) (internal citations and marks omitted); see also Duckett v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 31624 at *24 (W.D.N.Y. April 14, 2009).

As such, Plaintiff's purported claims for harassment and discrimination and retaliation must be dismissed.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, or direct Plaintiff to replead his Complaint, based on his failure to comply with this Court's pleading requirements.

Dated: New York, New York
       November 21, 2011

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
666 Third Avenue, Floor 29
New York, New York 10017
(212) 545-4000
(212) 972-3213 (Fax)
fischera@jacksonlewis.com
pludek@jacksonlewis.com

s/Kristin L. Plude
A. Robert Fischer (AF2934)
Kristin L. Plude (KP4769)

9

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 21, 2011, I caused a true and correct copy of the foregoing Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss to be served upon Plaintiff via Federal Express, addressed to:

      ROBERT DINGLE, JR.
      *Plaintiff Pro Se*
      115-55  219th Street
      Cambria Heights, NY 11411


                s/Kristin L. Plude_____
                Kristin L. Plude (KP 4769)

4846-1644-8782, v.  1