ROBERT DINGLE JR.

115-55 219TH STREET

CAMBRIA HEIGHTS NY 11411

9/25/12

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 27 2012 ★
BROOKLYN OFFICE

RE: 11 CV 2879 –CBA-VVP

To: UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

225 CADMAN PLAZA EAST

BROOKLYN NY 11206

Dear Madam,

Please treat this letter as a motion, I am writing to request that the following charge be added to my complaint "BREACH OF CONTRACT" as the company/ defendants did not comply with its own policy and breached the COLLECTIVE BARGAINING AGREEMENT, in that they failed to deal with petitioner in a fair and impartial manner and defendant's by way of their choosing to withhold investigation and hearing minutes actually hindered the union from handling the case in a fair and appropriate manner and hindered the ability of the union to arbitrate the case.

I also want to point out to the court that petitioner has been fired from his job based on the bogus hearsay statements of Shop steward James Moore, who claimed that petitioner told him that: "If Mr. Douglas (mechanic shop foreman) caused plaintiff to lose his job, that if he stopped plaintiff from eating he was not going to eat either. Initially, as plaintiff pointed out in a letter submitted with his amended complaint, Mr. Douglas has been trying to antagonize plaintiff and get him terminated and now he has succeeded. I must point out that since the Brooklyn Depot is rife with discrimination and hostility towards plaintiff and nothing was done to assure that this type of behavior was stopped. Since Lim-Tom and Broderick levied lies and hostility against petitioner and nothing was done to them, it is very easy for anyone there to say anything that pops into their heads, both mean spirited and violent. The company will go after plaintiff with immense fervor, regardless of the validity of the allegations. When Plaintiff complains about what is going on nothing is done. Mr. Douglas was reported, anonymously, for sleeping on the job and doing personal work on company time, I admitted to depot manager Paul M and fleet supervisor Pete Villa that it was true. After that Mr. Douglas started a rumor that Plaintiff was the one who made the anonymous call.

A week later depot manager Paul M. claimed that somebody had made an anonymous call against petitioner. Ironically and coincidentally at the same time Mr. Douglas saw a bible verse that plaintiff wrote on a piece of paper the size of a stick um, which he left on a desk he and Mr. Douglas share. Mr. Douglas took the paper photo copied it, put the original back on the desk and claimed that, because the scripture contained the word death he felt threatened by plaintiff. When that did not seal petitioner's fate Mr. Douglas initially concocted and related the story which Mr. Moore corroborated after the two of them conspired to make plaintiff appear to be a threat to Mr. Douglas. Plaintiff was suspended without pay indefinitely after calling a meeting between Mr. Douglas, Mr. Moore, fleet supervisor Tom Leggio and himself. Petitioner called the meeting to attempt to resolve issues of Mr. Douglas undermining him and spreading rumors. Mr. Douglas deemed himself unapproachable and got up to leave, at which time Plaintiff used profanity towards him twice. Mr. Douglas claimed that plaintiff created a hostile atmosphere by using profanity but never recognized the hostile atmosphere that he created for plaintiff. Plaintiff was fired for hearsay. Immediately after the incident where plaintiff was suspended the statement for which plaintiff was fired was never brought up. Plaintiff was suspended on August 28th 2012. He was interviewed at a hearing approximately two weeks later and nobody asked plaintiff about the statement, present at the hearing was Human resources Manager Orion DeChristifano, depot manager Paul M., Local 3 union representative Joe Wienbel and Joe Telesca, whose exact title I am unaware of. According to Mr. Weinbel, Mr. Moore , when initially asked, said that "plaintiff never made any statement to him. However he was called back 2 weeks later and specifically was read Mr. Douglas' statement at which time Mr. Moore corroborated the statement, claiming plaintiff told him that, immediately after the August 28th incident. Plaintiff was suspended for 4 weeks without pay which is also a breach of contract since the "Collective Bargaining Agreement", states that all such disputes, where an employee is suspended the dispute must be settled in 48 hours. I want to point out the parallel between this incident and the incident with Lim-Tom and Broderick.

Finally I am hereby requesting that the court evaluate the sexual harassment issue based on the statements of Lim-Tom and Broderick, that were homosexual in nature, and infer that they believed that plaintiff was gay, thus convincing other co- workers of same and because of it he has been treated differently. Moreover, human resources manager Rina Carpano and depot manager Frank Gadero used plaintiff's criminal record against him, a record which should have remained confidential according to company policy, which is also discriminatory and also represents a blatant abuse of authority and a breach of contract.

Respectfully, Honestly and Sincerely Submitted,

ROBERT DINGLE JR.

*Robert Dingle Jr.*

Robert Dunphy
115-55 219 St.
Cambria Heights NY 11411

FILED ★
2012 SEP 27 PM 5:47
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

[USMS stamp]

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY, 11206
ATTN: Pro Se Clerk
11CV2879-CBA-VVP