UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

ROBERT DINGLE, JR.

                           Plaintiff,

        -against-                                      1:11-cv-02879-CBA-VVP

BIMBO BAKERIES USA

                           Defendant.

------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
*BIMBO BAKERIES USA*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Attorney(s) of record:
        A. Robert Fischer
        Kristin L. Plude

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

I.      PRELIMINARY STATEMENT ....................................................................... 1

II.     SUMMARY OF ARGUMENT ........................................................................ 1

III.    PROCEDURAL HISTORY .............................................................................. 2

IV.     RELEVANT FACTS ........................................................................................ 2

V.      ARGUMENT ................................................................................................... 3

    A.   RELEVANT STANDARDS ........................................................................ 3

        1.   Motion to Dismiss ............................................................................... 3

        2.   Pleading Standard ............................................................................... 5

    B.   PLAINTIFF FAILS TO ALLEGE A CLAIM BASED ON TITLE VII
         DISCRIMINATION .................................................................................... 5

        1.   Plaintiff's Purported Sexual Discrimination and Harassment Claims are Based on
             His Perceived Sexual Orientation and, Therefore, Must be Dismissed ................. 6

    C.   PLAINTIFF'S PURPORTED RETALIATION CLAIM MUST BE DISMISSED  8

    D.   BELATED AMENDMENTS SHOULD NOT BE CONSIDERED............................ 9

        1.   Plaintiff's Untimely Filings Should Not be Considered by the Court..................... 9

        2.   Plaintiff's Claims for Breach of Contract Based on Policy and the
             Collective Bargaining Agreement, and for "Deliberate Indifference" Should
             be Dismissed ......................................................................................................... 11

VI.     CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Borski v. Staten Island Rapid Transit,
  No. 04-CV-3614, 2006 U.S. Dist. LEXIS 89242 (E.D.N.Y. Dec. 11, 2006) ..........................7

Brissett v. New York City Transit Auth.,
  No. 09 CV 874 (CBA) (LB), 2010 U.S. Dist. LEXIS 52722 (E.D.N.Y. May 27, 2010) ..........5

Crawford v. Lutheran Med. Ctr.,
  No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072 (E.D.N.Y. Mar. 9,
  2011) ..................................................................................................................................4, 5

Cuoco v. Moritsugu,
  222 F.3d 99 (2d Cir. 2000)..................................................................................................5

Daniel v. Long Island Hous. P'ship,
  No. 08-CV-01455 (JFB) (WDW), 2009 U.S. Dist. LEXIS 20251 (E.D.N.Y. Mar. 13,
  2009) ...............................................................................................................................11, 12

Day v. Distinctive Pers., Inc.,
  656 F. Supp. 2d 331 (E.D.N.Y. 2009) ..................................................................................5

Duckett v. Wal-Mart Stores, Inc.,
  No. 07-CV-6204, 2009 U.S. Dist. LEXIS 31624 (W.D.N.Y. April 14, 2009)..........................9

Horne v. Buffalo Police Benevolent Ass'n,
  No. 07-CV-781C, 2010 U.S. Dist. LEXIS 53152 (W.D.N.Y. May 25, 2010) ..........................9

Johnson v. United States Dep't of Homeland Sec.,
  No. 3:09-cv-975, 2010 U.S. Dist. LEXIS 63405 (N.D.N.Y June 23, 2010) ....................10, 11

Patane v. Clark,
  508 F.3d 106 (2d Cir. 2007)..............................................................................................3, 4

Wait v. Beck's N. Am. Inc.,
  241 F. Supp. 2d 172 (N.D.N.Y. 2003) .................................................................................12

Wright v. Monroe Cmty. Hosp.,
  No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. July 28, 2011)..........................9

STATUTES

28 U.S.C. § 1915(e)(2)(B)(i)................................................................................................4, 5

Title VII, 42 U.S.C. §§ 2000e, et seq........................................................................... passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 10(b) ................................................................5

Fed. R. Civ. P. 12(b)(6) ..........................................................3, 12

Fed. R. Civ. P. 8 ...................................................................5

Fed. R. Civ. P. 12(b)(6) ...........................................................1

Fed. R. Civ. P. Rule 15(a) ........................................................5

Fed. R. Civ. P. Rule 8(a)(2) ......................................................4

Fed. R. Civ. P. Rule 10(a) ........................................................5

## I.  PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendant, Bimbo Bakeries USA ("Defendant"),[1] brings this Motion seeking to dismiss the Amended Complaint filed by Plaintiff, Robert Dingle, Jr. ("Plaintiff") on August 30, 2012 [Doc. No. 25], as well as Plaintiff's supplemental amendments filed on August 30, 2012 [Doc. No. 26], September 7, 2012 [Doc. No. 28] September 27, 2012 [Doc. No. 31] and November 9, 2012 [Doc. No. 37], respectively.

As set forth more fully below, Defendant's Motion should be granted because Plaintiff's allegations fail to state any claim for relief or are barred under applicable New York law.

## II.  SUMMARY OF ARGUMENT

Plaintiff's Amended Complaint describes, in a narrative form, that a photograph of a man resembling Plaintiff was circulated throughout the Defendant's Brooklyn Depot where Plaintiff worked.  Liberally construing Plaintiff's Amended Complaint and August 30, 2012 supplemental amendment, it appears he purports to allege claims for: (1) Title VII hostile work environment, premised on the allegations that his co-workers sexually harassed him; and (2) Title VII retaliation, premised on the allegations that Defendant did not adequately address his complaints of sexual harassment, and instead retaliated against him

At best, Plaintiff's Title VII claims suggest a possible personal animus against him by his coworkers.  However, they do not allege any viable claim under Title VII.  Indeed, Plaintiff has not alleged any fact supporting a claim that Plaintiff was harassed *because of* his

---

[1] Stroehmann Line-Haul LP (not "Bimbo Bakeries USA") was the employer of Plaintiff.  As such, Defendant, hereby requests that it be substituted in the above-reference matter in place of "Bimbo Bakeries USA." Bimbo Bakeries USA is a trade name.

gender. Accordingly, his causes of action under Title VII and his retaliation claim must be dismissed.

Plaintiff's supplemental filings dated September 27, 2012 and November 9, 2012 do not change that; in addition, they are untimely and should be disregarded by the Court.

## III.   PROCEDURAL HISTORY

On December 7, 2010, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (the "EEOC") claiming he was discriminated on the basis of his sex and subjected to retaliation ("EEOC Charge"). On March 17, 2011, the EEOC closed its file and issued a Notice of Suit Rights.

On June 16, 2011, Plaintiff filed this Complaint. On November 21, 2011, Defendant submitted the fully-briefed Motion to Dismiss. Thereafter, by Order dated July 11, 2012 ("Order"), Chief Judge Carol Bagley Amon granted Defendant's Motion to Dismiss. [Doc. No. 22.] Although the Court afforded Plaintiff the opportunity to amend his compliant, it noted, "[t]he Court is doubtful that the plaintiff could amend his complaint to correct insufficiencies identified in the order." (Order at 12.)

## IV.   RELEVANT FACTS

Plaintiff alleges "the premise of this case" is that in that Brian Lim-Tom and Leon A. Broderick, coworkers of Plaintiff, distributed and displayed a photograph of a nude black male resembling Plaintiff to other employees at the Brooklyn Depot, including Cecil Douglas. (Am. Compl. at 1-3.[2]) Plaintiff claims "[t]hey made lewd and degrading comments to plaintiff and literally badgered plaintiff by stating he had a small penis and other despicable remarks including remarks about Lim-Tom having a penis pump that he wanted to sell to the plaintiff."

---

[2] The page numbers of the Amended Complaint refer to the number at the bottom of the page, and not to the filing page number.

2

(Am. Compl. at 2.) Plaintiff further claims that this conduct violates Defendant's policy on sexual harassment. Plaintiff concedes that Defendant conducted an investigation into his complaint of sexual harassment. (Am. Compl. at 2 -4.) A hearing with the union that represents Plaintiff was held on May 3, 2010. (Am. Compl. at 6.)

Plaintiff alleges he was improperly written up for poor performance on September 11, 2011,. (Am. Compl. at 5.) He also claims he was improperly issued a written warning for "poor work performance" on March 12, 2012. (Am. Compl. at 6.) A meeting was held on July 3, 2012 with the Union. (Am. Compl. at 6.)

In Plaintiff's supplemental filing on August 30, 2012, he claims that "after he became upset and used profanity twice," he was suspended on August 29, 2012 for verbally abusing a coworker. (First Supplement to Am. Compl.at 2.) In a late filing on September 27, 2012, Plaintiff attempted to amend the Amended Complaint by saying the Plaintiff breached its company policies and breached the collective bargaining agreement. [See Doc. No. 31.] In another untimely filing on November 9, 2012, Plaintiff states he is "requesting to add the claim Deliberate Indifference" be added to the Amended Complaint. [See Doc. No. 37.]

## V. ARGUMENT

### A. RELEVANT STANDARDS

#### 1. Motion to Dismiss

The purposes of a motion to dismiss for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 116 (2d Cir. 2007). In reviewing the complaint, the Court accepts as true all allegations of fact and draws all reasonable inferences from these allegations in favor of the plaintiff. See id.

3

"Even a pro se complaint will be dismissed for failing to meet the notice pleading standard of Rule 8(a)(2) if it does not contain 'sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" Crawford v. Lutheran Med. Ctr., No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072, at *6 (E.D.N.Y. Mar. 9, 2011)[3] (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1939 (2009) (citing references omitted)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at *6-*7 (quoting Iqbal, 129 S. Ct. at 1949). In this regard, "mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Id. at 7 (citing references and internal marks omitted). "Though courts are required to accept a plaintiff's non-conclusory factual allegations as true, courts may nevertheless determine that the fantastic or delusional character of some factual allegations renders a plaintiff's claims to relief implausible." Id. (citing references and internal marks omitted).

In addition, in cases where the plaintiff is proceeding *in forma pauperis*, the court must dismiss the case if 'at any time the court determines that the action or appeal is frivolous or malicious.'" Id. at *8 (quoting 28 U.S.C. § 1915(e)(2)(B)(i)). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Id. (citing references and internal marks omitted). "Section 1915(e)(2)(B)(i) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

[3] An Affidavit of Kristin Plude ("Plude Affidavit") is submitted herewith as Exhibit A. Copies of unreported cases are provided to Plaintiff as Exhibit 1 to Plude Affidavit.

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

### 2.   Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief and Rule 10(a) requires a caption with the court's name, a title, a file number, and the naming of all parties." Brissett v. New York City Transit Auth., No. 09 CV 874 (CBA) (LB), 2010 U.S. Dist. LEXIS 52722, at *5 (E.D.N.Y. May 27, 2010). In addition, "a plaintiff must format his complaint according to Fed. R. Civ. P. 10(b) and state his claims in numbered paragraphs." Id.

Although under Rule 15(a) of the Federal Rules of Civil Procedure, "a court should freely give [leave to amend] when justice so requires," the Plaintiff should not be given the opportunity to amended when it is plain from the complaint that plaintiff does not have any possibility of asserting plausible claims. Day v. Distinctive Pers., Inc., 656 F. Supp. 2d 331, 337-338 (E.D.N.Y. 2009); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("[t]he problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied").

### B.   PLAINTIFF FAILS TO ALLEGE A CLAIM BASED ON TITLE VII DISCRIMINATION

Liberally construing Plaintiff's Complaint, it appears he attempts to allege two claims relating to gender harassment: (1) hostile work environment and (2) retaliation. Plaintiff fails to state a claim for discriminatory action in violation of Title VII, 42 U.S.C. §§ 2000e, et seq., because he has failed to plead any facts that would create an inference that any adverse action taken by Defendant was based upon his gender.

1.      **Plaintiff's Purported Sexual Discrimination and Harassment Claims are Based on His Perceived Sexual Orientation and, Therefore, Must be Dismissed**

Plaintiff repeats allegations in the original Complaint of harassment related to alleged remarks by his coworkers which, as emphasized in the Court's July 11, 2012 Order, cannot sustain a claim for Title VII discrimination.   Similar to his Complaint, Plaintiff's Amended Complaint is devoid of any allegation that he was harassed *because he is a male*. Further, Plaintiff's newly added discrimination claim based on the company policy does not change whether the alleged conduct violates Title VII.

More specifically, Plaintiff claims the "premise" of his claim "is sexual harassment in that Mr. Lim-Tom and Mr. Broderick distributed a photo of a nude male which resembled plaintiff to other employees at the depot including the mechanic Forman Cecil Douglas (via text message)." (Am. Compl. at 3.)

As noted in this Court's July 11 Order, the Supreme Court has identified only three ways in which a male plaintiff could bring a claim of harassment by male coworkers because of his sex: "(1) by providing 'credible evidence that the harasser was homosexual' (and therefore motivated by sexual desire); (2) by demonstrating that 'the harasser is motivated by general hostility to the presence of [men] in the workplace'; or (3) by 'offer[ing] direct comparative evidence' showing that the alleged harasser treated members of the sexes differently in a mixed-sex workplace." (Order at 6, quoting <u>Oncale v. Sundower Offshore Servs., Inc.</u>, 523 U.S. 75, 80-81 (1998).)  Further, "'[w]hatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimination because of sex.'"  (Order at 6, quoting <u>Oncale</u>, 523, U.S. at 81.)  At the motion to dismiss stage, Plaintiff must still allege enough facts to plausibly plead his harasser's homosexuality or "gender-based animus." <u>Id.</u>

6

(citing Simonton v. Runyon, 232 F.3d 33, 37 (2d Cir. 2000); Borski v. Staten Island Rapid Transit, No. 04-CV-3614, 2006 U.S. Dist. LEXIS 89242, at *7-9 (E.D.N.Y. Dec. 11, 2006) (treating the evidentiary burden required on summary judgment for same-sex harassment as a pleading burden necessary to survive a motion to dismiss)).

Plaintiff pleads no facts to suggest that any of the identified employees are homosexual, have hostility toward men in the workplace, or treat males differently from females. At best, the allegations establish that his male co-workers had a personal animus against him -- not toward men generally. Title VII, however, "does not set forth 'a general civility code for the American workplace'"; rather it provides an avenue for relief for claims based on protected characteristics. (See Order at 8, citing Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quoting Oncale, 523 U.S. at 80).)

Plaintiff, thus, has failed to provide any evidence that the alleged conduct was based on his sex. See Borski, 2006 U.S. Dist. LEXIS 89242, at *3, *10-*11 (concluding none of plaintiff's allegations suggests that the alleged behavior was motivated by gender where plaintiff attached to his complaint allegedly "vile and insulting materials" consisting "primarily of a series of cartoons. Some are sexual in nature and include advertisements for sexually explicit DVDs and phone sex services. Others include magazine photos altered to portray enlarged body parts. Several other cartoons make fun of the way that Mr. Borksi dresses, including some that insinuate he wears women's clothes"). "The fact that the harassment [allegedly] suffered by the plaintiff was sexual in nature (i.e., involved [a nude photo] and comments about the size of plaintiff's genitalia) does not make it gender based discrimination." (Order at 7, citing Oncale, 523 U.S. at 80 ("We have never held that workplace harassment, even harassment between men

and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations."))

Plaintiff's allegations in the Amended Complaint fail on the same basis as those contained in his original pleading. Plaintiff still "alleges no facts to suggest that any of his identified harassers, Lim-Tom, Broderick, or Matthews, is homosexual . . . The plaintiff does not allege any facts suggesting that any of his coworkers have a gender-based animus towards men in the workplace. Rather, the plaintiff alleges that his harassers are a group of men who singled out only the plaintiff, and no other men, for harassment. Nor does the plaintiff allege facts suggesting that the harassers discriminated between men and women." (Order at 7.) Plaintiff's additional reference in the Amended Complaint to the Defendant's policy regarding sexual harassment does not change this conclusion; the policies do not alter the coverage of Title VII and, as noted below, do not sufficiently state a claim for breach of contract.

As such, Plaintiff's claim that he was harassed because of his gender in violation of Title VII must be dismissed.

## C.   PLAINTIFF'S   PURPORTED   RETALIATION   CLAIM   MUST   BE DISMISSED

Plaintiff alleges he was written up for poor performance on September 22, 2011 and received a verbal warning on March 12, 2012. (Am. Compl. at 5 -6.) Plaintiff also alleges that on September 29, 2012, his employment was suspended. (First Supplement to Am. Compl. at 1.)[4] Plaintiff has failed to allege facts sufficient to withstand this purported retaliation claim.

To plead a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists

---

[4] In Plaintiff's belated supplemental filing on September 27, 2012, which should be disregarded, he also informs the Court that he was "fired from his job based on the bogus hearsay statement ."

a causal connection between the protected activity and the adverse action. Horne v. Buffalo Police Benevolent Ass'n, No. 07-CV-781C, 2010 U.S. Dist. LEXIS 53152, at *23-24 (W.D.N.Y. May 25, 2010) (quoting Patane, 508 F.3d at 115 (internal marks omitted, other citing references omitted)).

       Plaintiff's complaint concerning the circulation of the photograph does not allege or suggest any discriminatory motive. See, supra, Section IV.B.1. "Absent a claim for unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII." Wright v. Monroe Cmty. Hosp., No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809, at *21 (W.D.N.Y. July 28, 2011) (internal citations and marks omitted); see also Duckett v. Wal-Mart Stores, Inc., No. 07-CV-6204, 2009 U.S. Dist. LEXIS 31624, at *24 (W.D.N.Y. April 14, 2009) (employee complaint that she suffered from embarrassing, humiliating and insulting treatment failed to establish that she engaged in protected activity where there was no allegation that the treatment was motivated by a discriminatory animus)). Although Plaintiff also claims he wrote a Bible verse on a note, he concedes his subsequent suspension was because he verbally abused a coworker "after he became upset and used profanity twice" and which he seems to suggest is related to a continuing animus by his coworkers. (First Supplement to Am. Compl.at 2.)

       As such, Plaintiff's purported claim for retaliation must be dismissed.

## D.    BELATED AMENDMENTS SHOULD NOT BE CONSIDERED

### 1.    Plaintiff's Untimely Filings Should Not be Considered by the Court

       Despite being fully aware of the Court's deadline for amending the pleadings, Plaintiff has filed three belated supplemental amendments dated September 7, 2012 [Doc. No. 28], September 27, 2012 [Doc. No. 31] and November 9, 2012 [Doc. No. 37], absent another

request for an extension prior to the August 31, 2012 deadline. Plaintiff's belated filings should not be considered by the Court.

Per the Court's July 11 Order, Plaintiff had through August 10, 2012 to file the Amended Complaint. [Doc. No. 22.] By Order dated August 7, 2012, the Court granted Plaintiff's requested twenty-one day extension, affording Plaintiff through August 31, 2012 to file an Amended Complaint. Even with full knowledge of the deadline, as evidenced by his filing an Amended Complaint on August 30, 2012 with a supplemental filing that same day, Plaintiff, nevertheless proceeded to file additional amendments, on September 4, 2012, September 27, 2012 and November 9, 2012.[5] These three supplements are untimely and should be disregarded. Plaintiff was provided notice that specifically advised him of the deadlines to amend his pleading. Further, this Court has recognized that:

> Plaintiff is proceeding *pro se* and should, therefore, be afforded some latitude and 'special solitude.' That being said, *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995). In light of the information that was provided to him and was otherwise readily available to him, Plaintiff's *pro se* status does not excuse his failure to be informed of this Court's rules and procedures and to comply with the deadline for filing . . . papers.

Johnson v. United States Dep't of Homeland Sec., No. 3:09-cv-975, 2010 U.S. Dist. LEXIS 63405, at *4-8 (N.D.N.Y June 23, 2010) (citing Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .'") (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983); Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005); Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995); Richardson v. Darden, No. 07 Civ. 6594, 2009 U.S. Dist. LEXIS 11815, 2009 WL 414045, at *1 n.2 (S.D.N.Y. 2009) ("[T]he

---

[5] The Court never stated that Plaintiff's filing on November 9, 2012 would be considered timely.

latitude accorded a pro se litigant [does not] excuse him from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition."); Hudson v. Lockhart, 554 F. Supp.2d 494, 496 (S.D.N.Y. 2008) (same); LoSacco, 71 F.3d at 92; see also McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel"); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("liberal construction does not mean liberal deadlines."); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)).

Further, even treating the supplemental pleadings as a request for an extension of time, the request must be denied. "A court may extend times for good cause *if the request is made 'before the original time or its extension expires.'*" Id. (quoting Fed. R. Civ. P. 6(b)(1)(A).

Plaintiff had ample time to file an Amended Complaint, and was granted a three-week extension for so doing. Plaintiff's belated filings should not be condoned. Any substantive consideration of the untimely filings would be patently unfair to Defendant.

2. **Plaintiff's Claims for Breach of Contract Based on Policy and the Collective Bargaining Agreement, and for "Deliberate Indifference" Should be Dismissed**

Even if the Court were to disregard the fact the Plaintiff's submissions after the Amended Complaint were untimely, the Court should disregard the allegations of breach of contract based on the Company's policy and the collective bargaining agreement and "deliberate indifference" should be dismissed.

With respect to Plaintiff's claim based on breach of Defendant's policy, this Court has noted, "[a]s a general matter under New York law, a failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim, unless, inter alia, mutual assent to enter into an implied-in-fact contract is shown." Daniel v. Long Island Hous. P'ship,

11

No. 08-CV-01455 (JFB) (WDW), 2009 U.S. Dist. LEXIS 20251, at *32 (E.D.N.Y. Mar. 13, 2009) (citing Maas v. Cornell Univ., 94 N.Y.2d 87, 721 N.E.2d 966, 699 N.Y.S.2d 716 (N.Y. 1999)). Plaintiff fails to allege any facts which "could plausibly support an assent by [Bimbo] to deem its internal policies as an implied-in-fact contract." Id.

Further, Plaintiff's attempt to assert a claim for breach of the collective bargaining agreement in that the company, "fail[ed] to deal with petitioner in a fair and impartial manner and . . . by choosing to withhold investigation and hearing minutes" similarly fails. [See Doc. No. 31.] Per the terms of the applicable CBA, "[a]ll controversies, disputes, claims or grievances arising out of, or relating to, the interpretation or application of, the provisions of this Agreement" are to be handled between the Union and designees of the employer or, if unresolved, referred to arbitration before the American Arbitration Association. See Exhibit 1 to Declaration of Jeanne Carrieri, attached hereto as Exhibit B.[6] Absent from his supplemental filing is any allegation that he pursued this specific issue through the channels or through the AAA or any explanation as to why he is attempts to bring this claim before the Court.

As to Plaintiff's claim for "deliberate indifference," plaintiff has pled nothing more than that he is "hereby requesting that Deliberate Indifference be added to [his] already amended complaint." [See Doc. No. 37.] Absent a single supporting allegation, this cause of action cannot be sustained.

Accordingly, Plaintiff's untimely supplemental amendments to his Amended Complaint should be dismissed.

---

[6] The CBA is incorporated by reference in Plaintiff's supplemental amendment to his Amended Complaint and is integral to Plaintiff's supplemental pleadings, should the Court consider Plaintiff's untimely filings, it may also consider the document on a Rule 12(b)(6) motion. See, e.g., Wait v. Beck's N. Am. Inc., 241 F. Supp. 2d 172, 184 n. 12 (N.D.N.Y. 2003)

## VI.   CONCLUSION

Based on the foregoing, and given Plaintiff has already been afforded the opportunity to amend his complaint, Defendant respectfully request that the Court dismiss Plaintiff's Amended Complaint and supplemental amendments in their entirety, with prejudice.

Dated:  New York, New York
        December 6, 2012

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
666 Third Avenue, Floor 29
New York, New York 10017
(212) 545-4000
(212) 972-3213 (Fax)
fischera@jacksonlewis.com
pludek@jacksonlewis.com

_____
A. Robert Fischer (AF 2934)
Kristin L. Plude (KP4769)

4848-0230-6834, v. 2

13