UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ROBERT DINGLE, JR.

                              Plaintiff,

        -against-                                    1:11-cv-02879-CBA-VVP

BIMBO BAKERIES USA

                              Defendant.

---------------------------------------------------------------X


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS**


                                         JACKSON LEWIS LLP
                                         *ATTORNEYS FOR DEFENDANT*
                                         *BIMBO BAKERIES USA*
                                         666 Third Avenue, 29th Floor
                                         New York, New York 10017
                                         (212) 545-4000


Attorneys of record:
        A. Robert Fischer
        Kristin L. Plude

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................... ii

I.     PRELIMINARY STATEMENT................................................................... 1

II.    SUMMARY OF ARGUMENT ................................................................... 1

III.   PROCEDURAL HISTORY ........................................................................ 2

IV.  ARGUMENT ............................................................................................... 2

     A.  RELEVANT STANDARD ................................................................... 2

     B.  PLAINTIFF'S PURPORTED DISCRIMINATION, HARASSMENT AND
         RETALIATION CLAIMS MUST BE DISMISSED ............................... 3

     C.  PLAINTIFF'S UNTIMELY FILINGS AND ADDITIONAL EVIDENCE
         SHOULD NOT BE CONSIDERED BY THE COURT........................... 5

         1.  Plaintiff's Untimely Filings Should Not Be Considered by the Court ............. 5

         2.  Plaintiff's Audio Tape Should Not Be Considered by the Court...................... 6

V.    CONCLUSION.............................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Ashcroft v. Iqbal,
 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...........................................2, 3

Argeropoulos v. Exide Techs.,
 No. 08-CV-3760 (JS), 2009 U.S. Dist. LEXIS 59009 (E.D.N.Y. July 8, 2009) .......................4

Crawford v. Lutheran Med. Ctr.,
 No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072
 (E.D.N.Y. Mar. 9, 2011) .........................................................................................................2, 7

Duckett v. Wal-Mart Stores, Inc.,
 No. 07-CV-6204, 2009 U.S. Dist. LEXIS 31624 (W.D.N.Y. April 14, 2009)..........................5

LoSacco v. City of Middletown,
 71 F.3d 88 (2d Cir. 1995)..........................................................................................................5

M'Baye v. N.J. Sports Prod.,
 No. 06 civ 3438 (DC), 2007 U.S. Dist. LEXIS 9101 (S.D.N.Y. Feb. 7, 2007)........................7

Patane v. Clark,
 508 F.3d 106 (2d Cir. 2007)......................................................................................................3

Shaw v. United States Postal Serv.,
 No. 09 Civ. 6617 (DAB), 2010 U.S. Dist. LEXIS 101852 (S.D.N.Y. Sept. 27, 2010).............6

Wright v. Monroe Cmty. Hosp.,
 No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. July 28, 2011)...........................5

STATUTES

28 U.S.C. § 1915(e)(2)(B)(i)................................................................................................................3

OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................2, 6, 7

Federal Rule of Civil Procedure Rule 6(b)(1)(B) ..........................................................................6

Federal Rule of Civil Procedure Rule 8(a)(2).................................................................................1

Title VII ......................................................................................................................................1, 4, 5

## I.   PRELIMINARY STATEMENT

Defendant, Bimbo Bakeries USA ("Defendant"),[1] submits this reply brief in further support of its Motion to Dismiss and in response to the Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss submitted by Plaintiff Robert Dingle, Jr. ("Plaintiff") on January 7, 2013 ("Opposition"). Defendant seeks to dismiss, in their entirety without leave to amend, the Amended Complaint filed by Plaintiff, Robert Dingle, Jr. ("Plaintiff") on August 30, 2012 [Doc. No. 25], as well as Plaintiff's supplemental amendments filed on August 30, 2012 [Doc. No. 26], September 7, 2012 [Doc. No. 28] September 27, 2012 [Doc. No. 31] and November 9, 2012 [Doc. No. 37].

As set forth more fully below, Defendant's Motion to Dismiss should be granted because Plaintiff's allegations fail to state any claim for relief and Plaintiff's belated supplemental filings should not be considered by the Court.

## II.   SUMMARY OF ARGUMENT

Plaintiff's Amended Complaint and Opposition focus on a photograph of a man resembling Plaintiff allegedly circulated throughout Defendant's Brooklyn Depot where Plaintiff worked, as well as alleged retaliation, premised on the allegations that that Defendant did not adequately address Plaintiff's complaint regarding the photograph and related conduct.

As noted in Defendant's Motion, and which is highlighted by Plaintiff's Opposition, although Plaintiff's purported Title VII claims suggest a possible personal animus against him by his coworkers, they do not allege any viable claim under Title VII. As such, his causes of action under Title VII, including his retaliation claim, must be dismissed.[2]

---

[1] Stroehmann Line-Haul LP (not "Bimbo Bakeries USA") is the employer of Plaintiff. Defendant requests that Stroehmann Line-Haul LP be substituted in place of "Bimbo Bakeries USA." Bimbo Bakeries USA is a trade name.
[2] As noted in Defendant's moving papers, "while the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that the suggest, even a pro se complaint will be dismissed for failing to meet the notice pleading standard of Rule 8(a)(2) if it does not contain 'sufficient factual matter, accepted as true to

## III.   PROCEDURAL HISTORY

On December 7, 2010, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (the "EEOC") claiming he was discriminated on the basis of his sex and subjected to retaliation ("EEOC Charge"). On March 17, 2011, the EEOC closed its file and issued a Notice of Suit Rights.

On June 16, 2011, Plaintiff filed his initial Complaint. On November 21, 2011, Defendant submitted a fully-briefed Motion to Dismiss with respect to the original Complaint. Thereafter, by Order dated July 11, 2012 ("Order"), Chief Judge Carol Bagley Amon granted Defendant's Motion to Dismiss. [Doc. No. 22.]   Although the Court afforded Plaintiff the opportunity to amend his Compliant, it noted, "[t]he Court is doubtful that the plaintiff could amend his complaint to correct insufficiencies identified in the order." (Order at 12.) Plaintiff was granted through August 31, 2012 to file an amended pleading. On August 30, 2012, Plaintiff filed the instant Amended Complaint [Doc. No. 25]. Thereafter, Plaintiff filed four supplemental filings on August 30, 2012 [Doc. No. 26], September 7, 2012 [Doc. No. 28] September 27, 2012 [Doc. No. 31] and November 9, 2012 [Doc. No. 37], respectively.

On December 6, 2012, Defendant served its Motion to Dismiss directed to the Amended Complaint and aforementioned supplemental filings. On January 7, 2013, Plaintiff served his Opposition.

## IV.   ARGUMENT

### A.   RELEVANT STANDARD

The purposes of a motion to dismiss for failure to state a claim under the Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief.

---

state a claim to relief that is plausible on its face.'" Crawford v. Lutheran Med. Ctr., No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072, at *6 (E.D.N.Y. Mar. 9, 2011)[2] (quoting Ashcroft v. Iqbal, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing references omitted)).

2

Patane v. Clark, 508 F.3d 106, 116 (2d Cir. 2007). In reviewing the complaint, the Court accepts as true all allegations of fact and draws all reasonable inferences from these allegations in favor of the plaintiff. See id.

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at *6-*7 (quoting Iqbal, 556 U.S. 662 at 663). However, "mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Id. at *7 (citing references and internal marks omitted).

In addition, in cases where the plaintiff is proceeding *in forma pauperis*, the court must dismiss the case if 'at any time the court determines that the action or appeal is frivolous or malicious.'" Id. at *8 (quoting 28 U.S.C. § 1915(e)(2)(B)(i)). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Id. (citing references and internal marks omitted). "Section 1915(e)(2)(B)(i) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

**B.     PLAINTIFF'S PURPORTED DISCRIMINATION, HARASSMENT AND RETALIATION CLAIMS MUST BE DISMISSED**

Plaintiff Amended Complaint is entirely devoid of any facts that would support claims for harassment, discrimination or retaliation. Indeed, the crux of Plaintiff's filing is that two coworkers "display[ed] a nude photo resembling plaintiff, [and sent] to several co-workers at the Brooklyn Depot via text message." (Pl. Opp. at 2.) Plaintiff's Amended Complaint, similar

3

to his original Complaint, lacks any allegation that he was harassed *because he is a male.* As such, the Amended Complaint must also be dismissed.

As noted in this Court's July 11 Order, and repeated in Defendant's Motion to Dismiss, the Supreme Court has identified only three ways in which a male plaintiff could bring a claim of harassment by male coworkers because of his sex: "(1) by providing 'credible evidence that the harasser was homosexual' (and therefore motivated by sexual desire); (2) by demonstrating that 'the harasser is motivated by general hostility to the presence of [men] in the workplace'; or (3) by 'offer[ing] direct comparative evidence' showing that the alleged harasser treated members of the sexes differently in a mixed-sex workplace." (Order at 6, quoting Oncale v. Sundower Offshore Servs., Inc., 523 U.S. 75, 80-81 (1998); see also, Argeropoulos v. Exide Techs., No. 08-CV-3760 (JS), 2009 U.S. Dist. LEXIS 59009, at *10 (E.D.N.Y. July 8, 2009) ("Plaintiff must still allege enough facts to plausibly plead his harasser's homosexuality or 'gender-based animus.'")

Plaintiff's Amended Complaint is deficient of any allegations that would plausibly plead his harasser's homosexuality or "gender-based animus" as required to sustain a same-sex sexual harassment claim. Here, Plaintiff pleads no facts to suggest that his coworkers are homosexual, have hostility towards men in the workplace, or treat males differently from females. Plaintiff even notes in his Opposition that he "cannot offer such proof," relying solely on the entirely unfounded assumption that "it is highly unlikely that heterosexual men would keep and distribute photos of other nude men." (Pl. Opp. at 4.) Such conclusory statements are insufficient to sustain a Title VII discrimination claim in the face of a motion to dismiss.

Likewise, Plaintiff's purported claim for sexual harassment rests on a single nude photograph resembling him. Accordingly, he is far from his burden of "[pleading] facts

4

sufficient to support the conclusion that [he or she] was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of [his or her] employment altered for the worse." Id.

Plaintiff's retaliation claim, similarly, must fail. "[A]bsent a claim for unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII." Wright v. Monroe Cmty. Hosp., No. 09-CV-6593, 2011 U.S. Dist. LEXIS 82809, at *21 (W.D.N.Y. July 28, 2011) (internal citations and marks omitted); see also Duckett v. Wal-Mart Stores, Inc., No. 07-CV-6204, 2009 U.S. Dist. LEXIS 31624 at *24 (W.D.N.Y. April 14, 2009).

As such, Plaintiff's purported claims for discrimination, harassment and retaliation must be dismissed.

## C.   PLAINTIFF'S UNTIMELY FILINGS AND ADDITIONAL EVIDENCE SHOULD NOT BE CONSIDERED BY THE COURT

Contrary to Plaintiff's claims, Defendant is not "conceal[ing] the fact that there is audio." (Pl. Opp. at ii.)   Rather, Defendant appeals to the Court to hold that Plaintiff's submissions constitute untimely filings or evidence outside the scope of a motion to dismiss.

### 1.   Plaintiff's Untimely Filings Should Not Be Considered by the Court

As courts have recognized, "*pro se* litigants 'generally are required to inform themselves regarding procedural rules and to comply with them.'" LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995).   Here, Plaintiff has filed three belated supplemental amendments dated September 7, 2012 [Doc. No. 28], September 27, 2012 [Doc. No. 31] and November 9, 2012 [Doc. No. 37].[3]   Prior to that time, Plaintiff served his Affidavit/Affirmation in Opposition to the original Motion to Dismiss on November 9, 2011 ("First Opposition"), two

---

[3] The Court never stated that Plaintiff's filing on November 9, 2012 would be considered timely.

days *after* the deadline included in the Court's October 28, 2011 Order. Plaintiff had nearly three months to respond to Defendant's original Motion to Dismiss and had been granted two requests for extensions of time, yet still failed to serve his papers in a timely manner.

"Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may, for good cause, extend time 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" Shaw v. United States Postal Serv., No. 09 Civ. 6617 (DAB), 2010 U.S. Dist. LEXIS 101852, at *3-4 (S.D.N.Y. Sept. 27, 2010) (quoting FRCP 6(b)(1)(B) and discussing plaintiff's submission and noting that "[t]he Court is mindful of Plaintiff's pro se status" but, "Plaintiff's pro se status, standing alone, does not provide good cause for the filing of [the opposition] at this late date").

Here, Plaintiff's continual, blatant disregard of well-known Court deadlines should not be condoned. Plaintiff never filed an extension of the already expired August 2012 deadline, nor has he shown any excusable neglect. Consequently, the purported supplemental filings should not be considered by Court.

## 2.    Plaintiff's Audio Tape Should Not Be Considered by the Court

The audio recording on the compact disk ("CD") submitted by Plaintiff only with his First Opposition,[4] falls well outside the scope of information that may be considered with respect to a Rule 12(b)(6) motion to dismiss. Further, consideration by the Court of the audio tape does not alter the conclusion that Plaintiff's Amended Complaint must be dismissed.

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.' The court

---

[4] Plaintiff's Opposition to the original Motion to Dismiss cites to two compact disks ("CDs"). Plaintiff has produced only one CD.

must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff." M'Baye v. N.J. Sports Prod., No. 06 civ 3438 (DC), 2007 U.S. Dist. LEXIS 9101, at *15-16 (S.D.N.Y. Feb. 7, 2007) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) and citing Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)).

Here, Plaintiff's references to the audio disk were designed only to divert the Court's attention from the basis upon which Defendant has made its motion:   Plaintiff's Amended Complaint fails to state a claim for relief and the Defendant is entitled to have the complaint dismissed, as a matter of law.

Even if the Court were to consider the audio disk, Plaintiff's claims must, nevertheless, fail.   Contrary to Plaintiff's assertions, the only point gleaned from the audio recording is that Plaintiff's claims are entirely baseless and cannot be maintained.   The CD, which appears to be a conversation conspicuously taped by Plaintiff, refers to conclusory allegations of harassment relating to Plaintiff's perceived homosexuality, which, as discussed above, cannot be maintained under Federal law. "Though courts are required to accept a plaintiff's non-conclusory factual allegations as true, courts may nevertheless determine that the fantastic or delusional character of some factual allegations renders a plaintiff's claims to relief implausible." Crawford v. Lutheran Med. Ctr., No. 08-CV-3429 (NGG) (LB), 2011 U.S. Dist. LEXIS 26072, at *7 (E.D.N.Y. Mar. 9, 2011) (citing references and internal marks omitted).

Accordingly, even in the face of improperly submitted evidence, Defendant's Motion should be granted.

## V.    CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, or direct Plaintiff to replead his Amended Complaint, based on his failure to comply with this Court's pleading requirements.

Dated:  New York, New York
        January 18, 2013

                      Respectfully submitted,

                      JACKSON LEWIS LLP
                      *ATTORNEYS FOR DEFENDANT*
                      666 Third Avenue, Floor 29
                      New York, New York 10017
                      (212) 545-4000
                      (212) 972-3213 (Fax)
                      fischera@jacksonlewis.com
                      pludek@jacksonlewis.com

                      _____

                      A. Robert Fischer (AF2934)
                      Kristin L. Plude (KP4769)

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I caused a true and correct copy of the foregoing Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss and exhibit thereto, to be served upon Plaintiff, via Federal Express, Overnight mail and U.S. Mail, addressed, addressed to:

ROBERT DINGLE, JR.
*Plaintiff Pro Se*
115-55 219th Street
Cambria Heights, NY 11411

Kristin L. Plude (KP 4769)

4815-8648-5010, v. 1

9

Per Local Civil Rule 7.2, copies
of unreported cases are being
sent exclusively to Plaintiff and
attached as Exhibit A.

Case No. 1:11-cv-02879-CBA-VVP

ROBERT DINGLE, JR.,

Plaintiff,

-against-

BIMBO BAKERIES USA,

Defendant.

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Jackson Lewis LLP
666 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 545-4000

*Attorneys for Defendant Bimbo Bakeries USA.*

**CERTIFIED PURSUANT TO RULE 22 NYCRR 130.1.1.0a(a)**

Kristin L. Plude