14-1215-cv (L); 14-1216-cv (con)
Dingle v. Bimbo Bakeries USA/Entenmann's

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT:
GUIDO CALABRESI,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
*Circuit Judges.*

_____

**Robert Dingle, Jr., AKA Robert Dingle,**

*Plaintiff-Appellant*,

v.      14-1215-cv (L);
        14-1216-cv (Con)

**Bimbo Bakeries USA / Entenmann's,**

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:   Robert Dingle, pro se, Cambria Heights, New York.

FOR DEFENDANT-APPELLEE:    A. Robert Fischer, Jackson Lewis P.C., Austin, Texas.

CERTIFIED COPY ISSUED ON 12/16/2015

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*; Pohorelsky, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part and VACATED in part** and the case is **REMANDED**.

Appellant Robert Dingle, proceeding pro se, appeals from the district court's judgment dismissing his complaints in their entirety for failure to state a claim. We review de novo the dismissal of a complaint under Rule 12(b)(6). *Mary Jo C. v. N.Y. State and Local Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where, as here, the complaint was filed *pro se*, it must be construed liberally 'to raise the strongest arguments [it] suggest[s].'" *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.* (italics omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dingle sued his former employer, Bimbo Bakeries USA/Entenmann's ("Entenmann's"), alleging that he was subjected to a hostile work environment and retaliated against in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as numerous other state law claims arising out of his employment with Entenmann's. In his second complaint, which was removed to federal court on

the basis of diversity jurisdiction, Dingle alleged that a photo of a nude man resembling Dingle was distributed among employees who made degrading comments about his genitals and questioned his sexual orientation. Dingle further alleged that for a period of a month, two employees made "lewd, obscene and degrading remarks" about him, including that he was homosexual, Supp. App'x at 35, and that the individuals responsible were never punished for their behavior. As is relevant here, the district court ruled that Dingle failed to plead a Title VII, NYSHRL, or NYCHRL hostile work environment claim because he did not plausibly allege that the harassment he suffered was on account of his gender, and that he failed to plead a Title VII, NYSHRL, or NYCHRL retaliation claim because he did not plausibly plead that he possessed a good faith reasonable belief that he had complained about activity that violated the relevant anti-discrimination laws, as there was no evidence the harassment he suffered was related to his gender. In a February 2015 order, we directed the parties to brief, "among any other issues, whether the district court erred by failing to construe the complaint as raising a hostile work environment claim based on Appellant's perceived sexual orientation, under state and city human rights laws." Case No. 14-1216-CV, Dkt. No. 36. Despite this order, Entenmann's failed to brief this issue on appeal.

Perceived sexual orientation is a category protected under the NYSHRL and NYCHRL. N.Y. Exec. Law §§ 292(27), 296(1)(a); N.Y.C. Admin. Code § 8-107(1)(a).[1] Dingle's allegations

---

[1] The NYCHRL and NYSHRL expressly protect against discrimination based on both *perceived* as well as *actual* sexual orientation. Thus, Dingle's actual sexual orientation is not at issue; he is protected by these provisions if he suffered abuse because others *believed*, even incorrectly, that he is gay. *See Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454, 461 n.3 (S.D.N.Y. 2010) ("The text of the NYCHRL specifically protects against discrimination based on 'perceived' sexual orientation. The NYSHRL similarly protects against discrimination based on an employee's

could be read to suggest that he was harassed based on his perceived sexual orientation. Indeed, both the district court, in its 2012 order directing Dingle to file an amended complaint, and the magistrate judge, in the report and recommendation addressing the motions to dismiss, observed that Dingle's allegations could be construed as a hostile work environment claim based on his perceived sexual orientation but that such claims were not cognizable under Title VII. However, the district court did not address the viability of any such claim under the NYSHRL or NYCHRL, or of any retaliation claim based on complaints about such a hostile work environment. And because, as noted above, removal was on the basis of diversity, the court retained jurisdiction over Dingle's NYSHRL and NYCHRL claims, even after dismissing his federal claims. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 109 (2d Cir. 2001) (diversity jurisdiction provided "a jurisdictional basis for all of [plaintiff's] claims and permitted a unified resolution of those claims, whether based in federal or state law, in the federal court"). We therefore remand to the district court to consider in the first instance whether Dingle alleged a plausible perceived sexual orientation hostile work environment claim and retaliation claim under the NYSHRL and NYCHRL. As part of its consideration of this issue, we urge the district court to appoint counsel for Dingle.

We have considered all of Dingle's other arguments and find them to be without merit. We conclude that the district court properly dismissed the rest of Dingle's claims, and we affirm for substantially the reasons stated by the magistrate judge in his December 16, 2013 report and

---

perceived sexual orientation." (citing N.Y.C. Admin. Code § 8-107(1)(a); N.Y. Exec. Law § 292(27))).

1    recommendation, and the district court in its March 11, 2014 decision. **[E.D.N.Y. 13-cv-3913 doc.**

2    **24 at 9-27, doc. 36 at 6-9]**

3          Accordingly, we **AFFIRM in part** and **VACATE in part** the judgment of the district

4    court and **REMAND** for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5